**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| AUDIOLOGY DISTRIBUTION LLC DBA HEARUSA; MEDPLUS HEALTH SOLUTIONS, LLC; and HARMONY HEARING SERVICES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PETER STEPHENS and JASON DAWSON, as individuals, CENTRALCOMP SERVICES LLC, a Tennessee Limited Liability Company, and UNIFIED HEARING SOLUTIONS LLC, a Florida Limited Liability Company <br><br> Defendants. | CIVIL ACTION NO. 8:20-cv-00499-MSS-TGW |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

This matter is before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") filed by Plaintiffs Audiology Distribution LLC dba HearUSA ("Audiology") and its wholly owned subsidiaries MEDPlus Health Solutions, LLC ("MEDPlus") and Harmony Hearing Services LLC ("Harmony"), pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05. Due to the emergency nature of the relief requested by Plaintiffs, the Court finds it appropriate to decide the Motion on the papers and without a hearing.

Based on Plaintiffs' Verified Complaint, the sworn affidavits submitted with the Motion, and evidence of record, the Court makes the following findings:

1

(1) Plaintiffs and Defendants Peter Stephens and Jason Dawson contractually agreed that a temporary restraining order would issue for breach of either the "Confidentiality" or "Return of Property" provisions in their employment agreements. Stephens and Dawson breached both by disclosing confidential customer lists, employee lists, and other sensitive information to third parties without authorization. Stephens and Dawson have also failed and refused to return all company property requested by Plaintiffs.

(2) Plaintiffs have demonstrated a substantial likelihood of prevailing on the merits of their claims for breach of contract, misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, and the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. §§ 688.001 *et seq.*, the Computer Fraud and Abuse Act ("CFAA"), and false advertising and unfair competition under the Lanham Act. Specifically, Plaintiffs have likely demonstrated that Defendants:

    (i) breached their employment agreements as follows:

        (a) Defendants violated the "Confidentiality" provision by accessing MEDPlus' and Harmony's customer lists, employee lists, and trade secrets and using this information to divert customers and employees into their competing ventures;

        (b) Defendants violated the "Good Faith and Fair Dealing" provision by diverting MEDPlus and Harmony customers and employees under false pretenses to competing ventures owned by Stephens and Dawson, misappropriating Plaintiffs' trade secrets for personal financial gain, and accessing and destroying company files and evidence of their

wrongdoing, even after they were placed on administrative leave and ultimately terminated. In more than one instance, Stephens delivered the following letter to current MEDPlus customers:

> To whom it may concern,
>
> MEDPlus Health Solutions was recently purchased and is going in a different direction with their business model. A new company has been formed in order to facilitate the referrals that MEDPlus has been coordinating. The new company name is CentralComp Services LLC . . . .
>
> Thank you,
>
> Pete Stephens.

In fact, MEDPlus is not altering its business model and is completely unaffiliated with CentralComp—a direct competitor of MEDPlus;

(c) Defendants violated the "Non-Compete" provision—which bars Stephens and Dawson from competing with MEDPlus and Harmony, respectively, for up to two years after termination—by the acts described above;

(d) Defendants violated the "Non-Solicitation" provision by soliciting MEDPlus and Harmony customers and employees to join competing ventures owned by Stephens and Dawson. They did this while Stephens and Dawson were still MEDPlus and Harmony employees, respectively, and while they were on MEDPlus' and Harmony's respective payrolls;

3

(e) Defendants violated the "Return of Property" provision by refusing to turn over all company e-mails and files demanded, some of which have been destroyed.

(ii) have, in violation of DTSA and FUTSA, misappropriated and continue to misappropriate MEDPlus and Harmony customers and trade secrets—including confidential customer and employee lists and well-established business know-how—and re-direct them to Defendants CentralComp Services LLC ("CentralComp") and Unified Hearing Solutions LLC ("Unified Hearing")—entities owned by Stephens and Dawson;

(iii) have, in violation of the CFAA, accessed Plaintiffs' "protected computers" after Stephens and Dawson were placed on administrative leave and ordered not to access Plaintiffs' systems, and used information on these protected computers to divert business and claims to CentralComp and Unified Hearing and to a network of claims processing entities owned by Stephens and Dawson (the "Affiliated Networks");

(iv) have, in violation of the Lanham Act, deceived MEDPlus customers by falsely claiming that MEDPlus was undergoing a "brand change" to CentralComp. Stephens did this on MEDPlus letterhead, using MEDPlus' trademark, and using Stephens' title as "President-MEDPlus Health Solutions." In fact, MEDPlus is not undergoing a brand change and is not in any way affiliated with CentralComp, a direct competitor of MEDPlus. Plaintiffs have lost customers as a result, and their industry reputation has suffered.;

(3) Plaintiffs will continue to suffer imminent, irreparable harm if Defendants are not enjoined from performing these bad acts. MEDPlus and Harmony have lost many of their largest customers. Plaintiffs have also lost key employees to competing ventures owned by Stephens and Dawson. Plaintiffs' reputation among customers, prospective customers, and industry peers has been irreparably damaged and will continue to be harmed given the continuing false and misleading representations and Defendants' refusal to retract them. Absent a Temporary Restraining Order immediately enjoining this conduct, MEDPlus and Harmony may likely go out of business.

(4) The injury to Plaintiffs which will follow if the requested injunctive relief is not granted outweighs any harm Defendants might suffer if it is granted; and

(5) Granting the Temporary Restraining Order in this case will serve the public interest.

WHEREFORE, for good cause shown, Plaintiffs' Motion for Temporary Restraining Order is **GRANTED,** and **IT IS HEREBY ORDERED** as follows:

Defendants, and anyone acting on their behalf, must *immediately*:

(1) Stop misrepresenting to third parties that MEDPlus or Harmony are undergoing a brand change, leaving the worker's compensation industry or changing direction, or are in any way affiliated with CentralComp and Unified Hearing and/or the Affiliated Networks;

(2) Within three (3) days of the Order, deliver to counsel for the Plaintiffs all customer information that they have transferred from MEDPlus and/or Harmony to themselves or others;

(3) Stop the further transfer of MEDPlus and/or Harmony customer information to themselves or others;

(4) Stop accessing the company databases and emails of MEDPlus and Harmony, and within three (3) days of the Order, identify all database systems that have been used to conduct MEDPlus and Harmony business;

(5) Within one (1) day of the Order, Provide Plaintiffs with full and complete access and administrator rights to Plaintiffs' Google Suite account, Aplicor, and any other applications belonging to Plaintiffs;

(6) Within three (3) days of the Order, return all devices and company records and data of MEDPlus and Harmony and provide correct administrator credentials so that Plaintiffs can access these devices including but not limited to those devices being used by Pete Stephens and Jason Dawson, and the former employees of MedPlus and Harmony who are now working for CentralComp and Unified Hearing such as Brad Bodenmiller and Katie Phelps McDonald, among others;

(7) Within three (3) days of the Order, return checks and mail that were addressed to or by MEDPlus and Harmony or any facsimile or emails from customers or any third parties to MEDPlus or Harmony;

(8) Stop converting MEDPlus' and Harmony's trade secrets and confidential information to third parties including but not limited to customer information, transaction details and financial information and return any in Defendants' possession;

(9) Stop misrepresenting to third parties that MEDPlus or Harmony are undergoing a brand change or are in any way affiliated with CentralComp and Unified Hearing and/or the Affiliated Networks;

(10) Stop misrepresenting or disparaging MEDPlus to MEDPlus' customers;

(11) Stop soliciting Plaintiffs' customers to transfer their business to CentralComp and Unified Hearing; Health Pay Services LLC ("Health Pay Services"); or Taled Medical Living, LLC ("Taled"); and Waterford Comp Services, Inc. ("Waterford"); and

(12) Stop soliciting Plaintiffs' employees to join CentralComp and Unified Hearing and/or the Affiliated Networks, including but not limited to Health Pay Services, Taled, and Waterford.

This Court hold an expedited hearing on Plaintiffs' Motion for a Preliminary Injunction and will order expedited discovery in support of the same.

So ORDERED this \_\_\_\_ day of _____, 2020.

_____
United States District Judge